UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 95-5277

SHAWN WILLIAM ARNOLD,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-94-84)

Submitted: July 25, 1996

Decided: August 14, 1996

Before LUTTIG and MOTZ, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jane Charnock, CHARNOCK & CHARNOCK, Charleston, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
Philip J. Combs, Assistant United States Attorney, Charleston, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Shawn William Arnold pled guilty to conspiracy to possess crack cocaine with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1996), and was sentenced to a term of 70 months imprisonment. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but asserting that, in her view, there are no meritorious issues for appeal. Arnold was notified of his right to file a pro se supplemental brief, but has not filed one.

The issues raised by counsel are without merit. Arnold's prosecution was not barred by the Double Jeopardy Clause because he had previously forfeited in state court the cash he was carrying when he was arrested.* Even if the forfeiture was punitive, federal and state governments may prosecute a defendant for the same conduct without violating the dual sovereignty doctrine, United States v. Pena, 67 F.3d 153, 156 (8th Cir. 1995) (citing Heath v. Alabama, 474 U.S. 82, 89 (1985)), unless one sovereign is merely acting as a tool of the other. Pena, 67 F.3d at 156; see also Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959). There was no showing here that federal officials were manipulated by state officials in prosecuting Arnold.

Arnold admitted that when he was arrested he was selling crack in partnership with co-defendant Florinda Johnson and had done so on previous occasions. The district court did not clearly err in holding him accountable for the 3.9 grams of crack seized from her as well as the 19 grams found near him when a search warrant was executed at the apartment they were using as a base of operations. United States Sentencing Commission, Guidelines Manual , § 1B1.3(a)(1) (Nov. 1994) (relevant conduct includes acts aided and abetted by

_____

*The record does not reflect whether the West Virginia forfeiture proceeding was civil or criminal.

2

defendant and reasonably foreseeable acts of others in furtherance of conspiracy). Moreover, Arnold withdrew his objection to the base offense level calculation at sentencing.

Arnold committed the instant offense within two years of his release from a prior sentence of imprisonment. Two points were correctly added to his criminal history score under USSG § 4A1.1(e).

In accordance with <u>Anders</u>, we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and oral argument would not aid the decisional process.

<u>AFFIRMED</u>

3